IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**EARNEST EARL RUSSELL, a/k/a**                                                              **PETITIONER**
**EARNEST EARL JEFFERSON, # 23139**

**VERSUS**                                   **CIVIL ACTION NO. 3:11CV761-HTW-LRA**

**ROBERT S. SMITH, DERRICK JORDAN,**
**OFFICER S. BURKE, and TOMIE T.**
**GREEN**                                                                         **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE

BEFORE THE COURT is *pro se* petitioner Earnest Earl Russell, also known as Earnest Earl Jefferson's [1] petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. He is a pre-trial detainee at the Hinds County Detention Facility. He argues he is being detained without evidence and his rights to a speedy trial and to counsel have been violated. The court has considered and liberally construed the pleadings. As set forth below, the case is dismissed.

Russell was arrested and indicted in Hinds County, Mississippi for aggravated assault, felon in possession of a firearm, and for use of a firearm during a felony. Additionally, he is being held for a probation violation. He alleges to have been detained in Hinds County Detention Facility since March 29, 2009.

On September 29, 2011[1], Russell alleging defendants District Attorney Robert S. Smith, Detective Derrick Jordan, and Officer S. Burke are knowingly and maliciously pursuing false charges against Russell. In particular, he claims there is insufficient evidence to take him to trial. He claims defendant Judge Tomie T. Green has refused to set the case for trial, allowed his

---

[1]Because he filed both Section 1983 and habeas claims, the habeas claims were severed and filed in the instant case on December 13.

attorney to withdraw on August 9, 2011, and refused to appoint new counsel.  As a result, Russell asks this court to dismiss the indictments.  He admits he has not applied to the State appellate courts for relief.

Russell is required to exhaust his State court remedies before he may pursue a Section 2241 habeas claim in this court.  *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 489 (1973); *Robinson v. Wade*, 686 F.2d 298, 303 n.8 (5th Cir. 1982).  The exhaustion requirement gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  In order to exhaust his claim for habeas, he is required to seek relief from the highest court of the State.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999).  *See*, *D.D. v. White*, 650 F.2d 749, 750 (5th Cir. 1981).  He has only applied to the State trial court for relief.  He admits he has not applied to the State appellate courts.  Therefore, the case is dismissed, without prejudice, for failure to exhaust State court remedies.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* petitioner Earnest Earl Russell, also known as Earnest Earl Jefferson's [1] petition for writ of habeas corpus, pursuant to 28 U.S.C. 2241, should be and is hereby **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**IT IS FURTHER ORDERED AND ADJUDGED** that, out of an abundance of caution, the Clerk of Court shall mail a copy of this Order and the accompanying Final Judgment and Certificate of Appealability to Petitioner "Earnest Earl Russell, # 23139, also known as Earnest Earl Jefferson, Hinds County Detention Center, 1450 County Farm Road, Raymond, Mississippi


39154," and a copy of the Order, Final Judgment, and Certificate of Appealability to him as "Earnest Earl Jefferson, # 23139, Hinds County Detention Center, 1450 County Farm Road, Raymond, Mississippi 39154."

**SO ORDERED**, this the 10th day of February, 2012.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE